## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| **JAMES AND NANCY GOEKEN,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY,**<br><br>    **Defendant.** | **Case No. _____**<br><br><br>**PETITION AT LAW**<br>**AND JURY DEMAND** |

    **COME NOW** Plaintiffs James and Nancy Goeken (hereinafter referred to sometimes as "Plaintiffs"), by and through its undersigned attorney, James C. Larew, Larew Law Office, Iowa City, Iowa, and for its Petition at Law and Jury Demand, and hereby state as follows:

### INTRODUCTION

1. This is an action by Plaintiffs against Nationwide Mutual Insurance Company ("Defendant") pursuant to claims for insured losses suffered by real property located 3815 Cedar Dr NE, North Liberty, Iowa, 52317 caused by the hail storm on July 11, 2020 and the Derecho storm that occurred on August 10, 2020.

### PARTIES

2. Plaintiffs are located at 3815 Cedar Dr NE, North Liberty, 52317, Johnson County, Iowa, which is the premises covered by a Policy issued by Defendant.

4. Defendant Nationwide Mutual Insurance Company (sometimes "Nationwide") is an Ohio Corporation whose home address is One Nationwide Plaza 1-35-305,

**Defendant's Notice of Removal - Exhibit A**

Columbus, OH, 43216. For all times relevant hereto, this party has been licensed to sell insurance policies in the State of Iowa.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Iowa District Court pursuant to Iowa Code section 602.6101.

6. Venue is proper in JOHNSON County pursuant to Iowa Code sections 616.2 (injuries to real property), 616.7 (place of contract), 616.10 (insurance companies), and 616.18 (personal injury or damage actions), because this case concerns Plaintiff's right to obtain monetary compensation for property damages and for wrongful conduct arising out of a contractual insurance relationship; the losses insured against occurred in Johnson County, Iowa.

## MATERIAL FACTS

7. On July 11, 2020, a hail storm struck a large part of Eastern Iowa.

8. On August 10, 2020, a severe wind storm, meteorologically known as a "derecho" wind storm, with wind speeds that exceeded 140 mph in many areas, struck a large swathe of the State of Iowa.

9. The derecho caused billions of dollars in damage to numerous properties and is one of the largest natural disasters to strike the State of Iowa.

10. Plaintiffs recognized that its property had been damaged by the hail on July 11, 2020.

11. Due to the damages inflicted to their property, Plaintiffs contacted their Insurer, Defendant, Nationwide, and informed it of the damages sustained, by the hail.

**Defendant's Notice of Removal - Exhibit A**

12. On August 10, 2020 the derecho windstorm devastated Iowa. The Goeken property was situated in, what was deemed the Federally Declared Disaster Area.

13. The Goekens' property was not inspected by an individual from the company Ladders Now, with instruction from Defendant, Nationwide, to look for hail damage. As if a windstorm with winds up to 140 mph had not just swept through the area.

14. The hail storm caused damage to Plaintiffs' roof, while the derecho worsened that damage, blew down several trees, and damage to the siding.

15. On October 13, 2020, a representative from Nationwide contacted Plaintiffs to inform them that the claim on their home was denied because Defendant could not confirm the damage was a result of hail. The same representative informed them that they would, however, receive funds for their shed, because the damage suffered by the shed was confirmed to be a result of hail.

16. Due to the sheer amounts of damaged properties in the path of the hail and derecho storm, and the burden those damages imposed upon nearly every contractor in the area, in many instances, bids and estimates were difficult to obtain for many months. Plaintiffs were unable to get roofing contractors until March of 2021.

17. In the spring of 2021, Plaintiffs had five different roofing companies inspect the roof of the home and shed. Plaintiffs had four of those roofing companies provide bids to repair, replace, and/or reconstruct the roof of the home and the shed.

18. On March 23, 2021 Allstate Exteriors, Inc., estimated Plaintiffs' roof replacement cost to be $25,220.

19. On March 31, 2021 Randall Roofing estimated Plaintiffs' roof replacement cost to be $17,000.

**Defendant's Notice of Removal - Exhibit A**

20. On May 19, 2021 EA Homes L.L.C., estimated Plaintiffs' roof replacement cost to be $22,329.79.

21. In June of 2021, Plaintiffs submitted two of the bids they had received to Nationwide.

22. A representative from Nationwide denied Plaintiffs' claim and stated they ran a hail report, and there was no hail within five miles of the loss location on the date of the claim."

23. Plaintiffs raised concern with the Nationwide representative stating there was no hail in the area on July 11, 2020, when, in fact, Nationwide had paid Plaintiffs for hail damage that occurred on July 11, 2020 for their shed, all the surrounding homes had hail damage, and photos seeming to prove otherwise.

24. In early 2022, Nationwide hired a structural engineering company, Donan engineering Co., to further inspect Plaintiffs' property.

25. On February 14, 2022, Donan Engineering Co. produced a report, supposedly reflecting the damages suffered by Plaintiffs' property.

26. Plaintiffs found numerous errors in the Donan Engineering Co. report.

27. On June 28, 2022 Plaintiffs received an estimate from Peterson Drywall, Inc., valued at $2,592.

28. Plaintiffs have, for just under two years, attempted to correspond with not only contractors, but also Defendant, in order to keep the property damage claims viable and to keep Defendant informed of the status of the claims.

29. Now, more than one year after the reportedly most severe wind storm in the history of the State of Iowa and a hail storm, many homes and properties are still recovering from the massive devastation wrought upon the State.

**Defendant's Notice of Removal - Exhibit A**

30. Plaintiffs are among those that have tried, on numerous occasions, to remediate damages done to its property in a timely manner, but which task is made untenable by the burden the extent of the derecho imposed upon contractors and insurance companies alike.

31. The amounts in controversy in this case, to this day, are continually evolving, as the cost of materials continues to fluctuate, and the availability of contractors, the same.

32. Defendant's failure to timely adjust its insured losses fully and promptly has caused Plaintiffs to suffer direct and consequential damages.

## COUNT I

## BREACH OF CONTRACT

33. Plaintiffs re-plead paragraphs 1 through 32, as if fully set forth herein.

34. The Policy constituted a valid and legally-enforceable contract between Plaintiffs and Defendant.

35. Plaintiffs paid all Policy premiums and renewed the Policy to cover the date of the derecho and hail storm.

36. Defendant breached the Policy with Plaintiffs by denying full indemnification of Replacement Cost Value damages resulting from the covered hail and derecho storm event.

37. As a direct and proximate result of this breach, Plaintiffs have suffered direct and consequential damages, including, but not limited to, expert witness fees, court costs, and attorneys' fees.

**WHEREFORE** Plaintiffs pray that a judgment be entered by this Court in their favor against Defendant, for all amounts due and owing to them, as provided by law, including, but

**Defendant's Notice of Removal - Exhibit A**

not limited to, contractually-obligated coverage payments, consequential damages and punitive damages arising from Defendant's improper denial and/or delay of the claims and its processes thereafter.

## COUNT II

## BAD FAITH

38. Plaintiffs re-plead paragraph 1 through 32, as if fully set forth herein.

39. The inherently unequal bargaining power between insurer and insured, regarding an insurance contract, which is a contract of adhesion, creates the necessary duty and obligation of the Insurer to act only in good faith, with respect to the manner in which it performs its duties under the contract of insurance.

40. Defendant has breached this duty by denying coverage and all payments rightfully owed to Plaintiffs, which obligated payments amounts arose from the losses incurred on or about July 11, 2020 and August 10, 2020.

41. There is no reasonable basis, either in fact or at law, for Defendant to have denied any portion of the claims made by Plaintiffs for the losses covered by the Policy, as described herein, up to the Replacement Cost Value of the goods and services necessary to place the Premises in a comparable pre-loss condition, but no more than the limits of the Policy described herein.

42. Defendant knew, or had reason to know, that its delays, denials, and refusals to, first, accept Plaintiffs' claim, and/or, second, to pay in full the amount of damages resulting from the claimed event, which was made by Plaintiffs appropriately under the provisions of the Policy.

43. The duty of good faith requires that Defendant use all available information to

**Defendant's Notice of Removal - Exhibit A**

evaluate claims, and to promptly and properly investigate the merits of any claim.

44. Defendant has failed to do so, and breached its duty of good faith by not using all evidence and information provided to them in order to evaluate Plaintiffs' claims.

45. Defendant's breach of its duty of good faith was a proximate cause of damage to the Plaintiffs.

46. As a direct result of Defendant's breach of duty of good faith, Plaintiffs have been unable to obtain the proper payments under its insurance contract with Defendant, and has been required to hire attorneys to seek what is rightfully, legally, and contractually owed to the Plaintiffs under the Policy.

**WHEREFORE** Plaintiffs pray that a judgment be entered in their favor and against Defendant for all amounts due and owed to Plaintiffs, as provided by law, including, but not limited to, direct, consequential and punitive damages.

## JURY DEMAND

**COME NOW** Plaintiffs and hereby demand a trial by jury of their peers of all matters contained within this Petition and Law and under the laws of the State of Iowa.

**Defendant's Notice of Removal - Exhibit A**

Respectfully submitted,

/s/ *James C. Larew*
James C. Larew AT0004543
LAREW LAW OFFICE
504 East Bloomington Street
Iowa City, Iowa 52245
Telephone: (319) 337-7079
Facsimile: (319) 337-7082
Email: james.larew@larewlawoffice.com
**ATTORNEY FOR PLAINTIFFS**

**Defendant's Notice of Removal - Exhibit A**

**Defendant's Notice of Removal - Exhibit A**

## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| **JAMES AND NANCY GOEKEN,** <br><br> Plaintiffs, <br><br> v. <br><br> **NATIONWIDE MUTUAL INSURANCE COMPANY,** <br><br> Defendant. | Case No. _____ <br><br><br> **CIVIL ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition at Law and Jury Demand (and any documents filed with it) is attached to this notice. The attorney for the petitioner is James C. Larew, whose address is 504 E Bloomington St, Iowa City, Iowa 52245. That attorney's telephone number is 319-337-7079; facsimile number 319-337-7082.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Johnson County, at the county courthouse. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator for Johnson County. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

**Defendant's Notice of Removal - Exhibit A**

# Iowa Judicial Branch

Case No. **CVCV083556**
County **Johnson**

Case Title   JAMES & NANCY GOEKEN V. NATIONWIDE MUTUAL INS CO

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

Scheduled Hearing:

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 398-3920** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

Date Issued  **07/08/2022 01:41:35 PM**



District Clerk of Court or/by Clerk's Designee of  Johnson   County
/s/ Christine Roselund

# Defendant's Notice of Removal - Exhibit A

IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

Case Number: CVCV083556

| | |
|---|---|
| JAMES AND NANCY GOEKEN,<br>Plaintiff(s),<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br>Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for NATIONWIDE MUTUAL INSURANCE COMPANY, defendant named herein, the 21st of July, 2022.

Commissioner of Insurance

Doug Ommen

**Defendant's Notice of Removal - Exhibit A**

E-FILED  2022 AUG 11 3:15 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JAMES AND NANCY GOEKEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No.: CVCV083556<br><br>**APPEARANCE** |

The undersigned hereby appears on behalf of the Defendant, Nationwide Mutual Insurance Company, in the above-captioned matter.

Respectfully submitted,

HOPKINS & HUEBNER, P.C.

By    */s/ Alex E. Grasso*
   Alex E. Grasso, AT0011862
   2700 Grand Avenue, Suite 111
   Des Moines, IA 50312
   Telephone:  515-244-0111
   Facsimile:   515-244-8935
   agrasso@hhlawpc.com
   ATTORNEYS FOR DEFENDANT

Original filed.

Copy to:

James C. Larew, AT0004543
Larew Law Office
504 East Bloomington Street
Iowa City, IA  52245
Telephone:  319-337-7079
Facsimile:  319-337-7082
Email:  james.larew@larewlawoffice.com

ATTORNEYS FOR PLAINTIFFS

| **CERTIFICATE OF SERVICE** |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 11th day of August, 2022.<br>By   ☐ U.S. Mail         ☐ Fax<br>        ☐ Hand Delivery   ☒ Electronically through EDMS<br>        ☐ Private Carrier   ☐ Other:_____<br>Signature    */s/ Kathy Flaherty* |

S:\AEG\0634-0555 Goeken\Pleadings\Word Docs\Appearance.docx4264

# Defendant's Notice of Removal - Exhibit A

E-FILED  2022 AUG 11 3:15 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JAMES AND NANCY GOEKEN, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No.: CVCV083556 <br><br> **DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER** <br><br> **(UNRESISTED)** |

COMES NOW the Defendant, Nationwide Mutual Insurance Company ("Nationwide"), and for its Motion per IOWA RS. CIV. P. 1.303 and 1.441, states:

1. Plaintiffs filed their Petition on July 8, 2022.

2. The Iowa Insurance Commissioner accepted service on July 21, 2022.

3. Plaintiffs also served Nationwide by certified mail per IOWA R. CIV. P. 1.303(5).

4. The different means of service create different deadlines to file an Answer.

5. Yesterday, August 10, 2022, Nationwide's counsel spoke with Plaintiffs' counsel by phone to clarify the deadline and sought an extension until September 15, 2022 to answer.

6. Plaintiff's counsel consents to the extension.

7. No party will suffer prejudice if this Court grants the extension.

8. A proposed Order is filed for this Court's consideration.

WHEREFORE the Defendant, Nationwide Mutual Insurance Company, requests that this Court enter an Order allowing it until Thursday, September 15, 2022 to file a responsive pleading and providing any further relief as necessary under the circumstances.

**Defendant's Notice of Removal - Exhibit A**

Respectfully submitted,

HOPKINS & HUEBNER, P.C.


By____*/s/ Alex E. Grasso*_____
   Alex E. Grasso, AT0011862
   2700 Grand Avenue, Suite 111
   Des Moines, IA 50312
   Telephone:  515-244-0111
   Facsimile:   515-244-8935
   agrasso@hhlawpc.com
   ATTORNEYS FOR DEFENDANT

Original filed.

Copy to:

James C. Larew, AT0004543
Larew Law Office
504 East Bloomington Street
Iowa City, IA  52245
Telephone:  319-337-7079
Facsimile:  319-337-7082
Email:  james.larew@larewlawoffice.com

ATTORNEYS FOR PLAINTIFFS

| **CERTIFICATE OF SERVICE** |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 11th day of August, 2022. |
| By    ☐ U.S. Mail     ☐ Fax<br>       ☐ Hand Delivery    ☒ Electronically through EDMS<br>       ☐ Private Carrier    ☐ Other:_____<br>Signature____*/s/Alex Grasso*_____ |

S:\AEG\0634-0555 Goeken\Pleadings\Word Docs\Motion EOT Answer.docx4264

2
**Defendant's Notice of Removal - Exhibit A**

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JAMES AND NANCY GOEKEN,<br><br>      Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>      Defendant. | Case No.: CVCV083556<br><br>**ORDER** |

Before the Court is Defendant Nationwide Mutual Insurance Company's Motion for Extension of Time to File Answer. Having reviewed the Motion, the Court finds that it is not resisted, that good cause supports it, and that no party would suffer prejudice in granting it. The Court GRANTS the Motion as follows:

1.     Nationwide Mutual Insurance Company shall file a responsive pleading to Plaintiffs' Petition on or before Thursday, September 15, 2022.

S:\AEG\0634-0555 Goeken\Pleadings\Word Docs\Proposed Order EOT.docx4264

**Defendant's Notice of Removal - Exhibit A**



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| CVCV083556 | JAMES GOEKEN & NANCY GOEKEN V. NATIONWIDE MUTUAL INS CO |
| **Type:** | Other Order |

So Ordered

Chad Kepros, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2022-08-11 16:22:03

**Defendant's Notice of Removal - Exhibit A**

IN THE IOWA DISTRICT COURT IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| JAMES AND NANCY GOEKEN,<br><br>   Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>   Defendant. | Case No.: CVCV083556<br><br>**APPEARANCE** |

The undersigned, Jessica Eglseder, hereby appears on behalf of the Defendant, Nationwide Mutual Insurance Company, in the above-captioned matter.

                Respectfully submitted,

                HOPKINS & HUEBNER, P.C.

                By___*/s/ Jessica A. Eglseder*_____
                  Alex E. Grasso, AT0011862
                  Jessica A. Eglseder, AT0013395
                  2700 Grand Avenue, Suite 111
                  Des Moines, IA 50312
                  Telephone:  515-244-0111
                  Facsimile:   515-244-8935
                  agrasso@hhlawpc.com
                  jeglseder@hhlawpc.com
                  ATTORNEYS FOR DEFENDANT

Original filed.

Copy to:

James C. Larew, AT0004543
Larew Law Office
504 East Bloomington Street
Iowa City, IA  52245
Telephone:  319-337-7079
Facsimile:  319-337-7082
Email:  james.larew@larewlawoffice.com
ATTORNEYS FOR PLAINTIFFS

| **CERTIFICATE OF SERVICE** |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 18th day of August, 2022.<br>By    ☐ U.S. Mail      ☐ Fax<br>       ☐ Hand Delivery    ☒ Electronically through EDMS<br>       ☐ Private Carrier    ☐ Other:_____<br>Signature____*/s/ Kathy Flaherty*_____ |

S:\AEG\0634-0555 Goeken\Pleadings\Word Docs\Appearance JAE.docx4264

# Defendant's Notice of Removal - Exhibit A